UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

LAMAR PARIS,                        )
                                   )
            Petitioner,            )
                                   )
v.                                 )          No.  3:23-CV-452-TAV-JEM
                                   )
JAMIE MOSLEY,                      )
                                   )
            Respondent.            )

## MEMORANDUM OPINION

The Court is in receipt of a prisoner's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Doc. 2] from Petitioner, a federal pretrial detainee who is currently housed in the Laurel County Correctional Center in Laurel County, Kentucky due to criminal charges against him in a proceeding before this Court, *United States v. Paris*, 3:23-CR-004-TAV-JEM-1 (E.D. Tenn., filed Jan. 13, 2023) [*Id.* at 2].   In this petition, Petitioner specifically states that he challenges his current detention, and that this Court would not have jurisdiction over Respondent Moseley, who is his current custodian [*Id.* at 5].

A writ of habeas corpus pursuant to § 2241 may be granted by "the district courts and any circuit judge within their respective jurisdictions."   28 U.S.C. § 2241(a).  The Supreme Court has interpreted this provision as requiring jurisdiction over a habeas petitioner's custodian, regardless of whether the petitioner is within the court's jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (holding that the proper respondent for a habeas corpus action "is 'the person' with the ability to produce the prisoner's body

before the habeas court").  However, as Petitioner correctly points out in his petition, this Court lacks jurisdiction over Respondent Mosely, who is the Jailer of the Laurel County Correctional Center in Kentucky, where Petitioner is confined, *see* https://laurelcountycorrections.org/index.html#about (last visited Jan. 24, 2024).

The Court therefore concludes that the proper venue for this case is United States District Court for the Eastern District of Kentucky.  28 U.S.C. §§ 97(a).  A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice."  28 U.S.C. § 1406(a).  Accordingly, the Clerk will be **DIRECTED** to transfer this action to the United States District Court for the Eastern District of Kentucky and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

2